**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

U.S. BANK, NATIONAL ASSOCIATION,

        Plaintiff,

v.                                       Case No: 6:21-cv-715-WWB-EJK

TITANS GROUP OF SEMINOLE
COUNTY, FLORIDA, LINA M. OLARTE-
LAVINE, PNC BANK, NA SUCCESSOR
BY MERGER TO RBC BANK, SANDY
LANE RESERVE HOMEOWNERS
ASSOCIATION, INC. and DARRIN C.
LAVINE,

        Defendants.
_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Plaintiffs' Motion for Remand (Doc. 7) and Defendant's Opposition (Doc. 10) thereto. For the reasons set forth herein, the Motion will be granted.

## I.    BACKGROUND

In August 2005, Defendant Lina Lavine executed a promissory note regarding real property located in Seminole County, and Defendants Lina and Darrin Lavine then executed a mortgage securing payment of the note. (Doc. 1-6 at 6–34). Plaintiff alleges Defendants defaulted under the promissory note and mortgage and filed the instant lawsuit to foreclose the mortgage. (*Id.* at 1–2). After Defendant Darrin Lavine was added

as a party in April 9, 2021, he removed the action to this Court, alleging both diversity and federal question jurisdiction. (Doc. 1 at 1; Doc. 1-8 at 1). Plaintiff now seeks remand.[1]

## II.     LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court may have original jurisdiction where the complaint alleges claims "arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009).

Pursuant to 28 U.S.C. § 1332(a), a district court may also have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." A case cannot be removed on diversity jurisdiction grounds, however, "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco*

---

[1] Defendant Lina Lavine previously removed on similar grounds, but the case was remanded. *See generally U.S. Bank, Nat'l Ass'n v. Titans Grp. of Seminole Cnty., Fla.*, No. 6:19-cv-1434-Orl-40EJK, 2019 WL 11505057 (M.D. Fla. Nov. 22, 2019), *report and recommendation adopted*, No. 6:19-cv-1434-Orl-40EJK, 2019 WL 11505058 (M.D. Fla. Dec. 10, 2019).

*Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Any doubt as to "jurisdiction should be resolved in favor of remand to state court." *Id.*

## III.   DISCUSSION

Plaintiff argues this case should be remanded because Defendant has failed to meet the statutory and procedural requirements for removal (Doc. 7 at 4). Notably, Defendant's stated grounds for removal are largely the same as those previously rejected by a sister court. *See U.S. Bank, Nat'l Ass'n*, 2019 WL 11505057.

Plaintiff argues, pursuant to 28 U.S.C. § 1441(b)(2), that this Court does not have diversity jurisdiction because Defendant concedes he is a citizen of Florida for purposes of diversity jurisdiction. (*See* Doc. 1, ¶ 17). "For removal under 28 U.S.C. § 1441 to be proper, no defendant can be a citizen of the state in which the action was brought." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001). Thus, removal based on diversity jurisdiction was improper.

Plaintiff also argues this Court does not have federal question jurisdiction under 28 U.S.C. § 1331 because it has not asserted a claim arising under federal law. Defendant responds that the mortgage at issue is governed in part by federal law and therefore requires the interpretation of federal law, creating federal questions. Plaintiff's Complaint asserts a single state law claim for mortgage foreclosure. (Doc. 1-6 at 1). Thus, when considering the face of Plaintiff's Complaint, no federal question is presented proscribing jurisdiction under 28 U.S.C. § 1331. *See also U.S. Bank, Nat'l Ass'n*, 2019 WL 11505057, at *3 ("As pleaded, the cause of action for mortgage foreclosure does not present a federal question on its face."). Since the Court does not have diversity or federal question jurisdiction over this action, it was improperly removed and will be remanded.

**IV.     CONCLUSION**

For the reasons set forth above, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Remand (Doc. 7) is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, Case Number 2019-CA-002063. The Clerk is directed to terminate all pending motions and close this case.

**DONE AND ORDERED** in Orlando, Florida on October 26, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties
Clerk of the Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida